**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO and Clement Messino, Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 1996.

---

**1304**

John L. Sullivan, Magidson & Sullivan, Chicago, Illinois, for Estate of Biagio Messino, Maribeth Messino and Joseph Messino.

Joseph Storto, Storto, Kalal & Finn, Bensenville, Illinois, E.E. Edwards, Edwards & Simmons, Nashville, Tennessee, for Ted Borowski.

Matthew M. Schneider, Asst. U.S. Atty., Chicago, Illinois, for United States.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALESIA, District Judge.

On February 12, 1996, the court held an evidentiary hearing on the third-party claim of Ted Borowski to a 1957 Pro–Mod race car called "Shake, Rattle, & Run" ("race car"), which was ordered forfeited in connection with the above-captioned criminal case.

The court, based upon the credible evidence of record, makes the following Findings of Fact and Conclusions of Law.

### I. FINDINGS OF FACT

#### A. Facts

1. The jury returned a special verdict of forfeiture against the race car at the end of the criminal trial of Clement and Christopher Richard Messino.

2. The court entered preliminary orders of forfeiture against the race car on August 17 and 21, 1995.

3. Ted Borowski ("Borowski"), the claimant of the race car, is the owner of Ted Borowski Race Enterprises, Inc., in Rockdale, Illinois.

4. The race car was also a defendant in the civil forfeiture proceeding *United States v. Michelle's Lounge*, No. 91 C 5783 (N.D.Ill.). Borowski filed a claim to the race car in that proceeding in October 1991.

5. Borowski is a competitive race car driver and builder of high performance racing motors.

6. In 1987 and 1988, Borowski raced another car called "Shake, Rattle and Run" ("original Shake, Rattle & Run").

7. Dick Messino (also known as Christopher Richard Messino) owned the original Shake, Rattle & Run.

8. The original Shake, Rattle & Run existed and was raced before Borowski raced it.

9. Jerry Haas Race Cars, Inc. ("Haas"), in Fenton, Missouri, built the chassis of the race car.

10. Dick Messino controlled the name "Shake, Rattle & Run."

11. In 1990, Dick Messino and Borowski met with Jerry Haas about building the race car.

12. Haas and Dick Messino entered into a contract for the building of the race car.

13. Dick Messino signed the proposal sheet regarding the specifications to which the race car would be built.

14. Dick Messino made the initial payment of $15,000 to Haas.

15. Borowski made a payment of $11,000 to Haas for the race car.

16. Borowski did not know who made payments of $9,000 and $2,725 for the race car.

17. Haas finished building the race car in April 1991.

18. Borowski testified at the February 12, 1996, hearing before this court ("hearing") that he entered into a racing agreement with Dick Messino to protect the money and efforts he was putting into the joint venture with Dick Messino concerning the race car.

19. The racing agreement was signed by Borowski and Dick Messino and dated August 31, 1990.

20. Borowski testified at the hearing that under the racing agreement, Dick Messino had no ownership interest in the race car.

21. Borowski testified at the hearing that he obtained full ownership of the race car after the first full racing season.

22. On September 13, 1991, the race car was seized as part of the civil forfeiture proceeding.

23. The race car was seized from Dick Messino's home in Blue Island, Illinois.

24. The race car usually was stored at Dick Messino's Blue Island home.

25. The lettering on the door of the race car reads "Messino Bros."

26. Federal agents interviewed Borowski on September 13, 1991, the day the race car was seized. During that interview, Borowski did not tell the agents about the racing agreement between him and Dick Messino.

27. The civil forfeiture claim filed by Borowski in the civil forfeiture proceeding does not mention the racing agreement between Borowski and Dick Messino.

28. On March 30, 1992, Borowski gave testimony regarding his claim to the race car before the judge presiding over the civil forfeiture proceeding.

29. At the March 30, 1992, hearing, Borowski testified that Dick Messino was one of his sponsors.

30. At the March 30, 1992, hearing, Borowski testified that a sponsor is someone who puts up money for a car and does not expect anything back but advertising.

31. The race car does not have the words "Auto Abbey" anywhere on it. Auto Abbey was a business connected with Dick and Clement Messino.

32. At the March 30, 1992, hearing, which was about Borowski's claim to the race car, Borowski did not tell the judge about the racing agreement between him and Dick Messino.

33. At the March 30, 1992, hearing, Borowski testified that he guessed the race car was supposed to be his car.

34. At the March 30, 1992, hearing, Borowski testified that he was there concerning the car he drove and raced; he did not testify that he was there concerning the car he owned.

35. On August 12, 1992, federal agents interviewed Borowski at his place of business.

36. At the hearing, Borowski produced receipts supposedly for items he purchased for the race car, which was ordered to be built in July 1990 and finished in April 1991.

37. Of the fourteen receipts produced by Borowski, only four were from 1990 or 1991. The remainder were from 1985–89.

38. Borowski had nothing to do with the arrangements for the painting of the race car.

39. John Sullivan ("Sullivan") is a special agent with the criminal investigation division of the Internal Revenue Service.

40. Sullivan was one of the agents who conducted a 20–minute interview of Borowski on September 13, 1991.

41. During that interview, Borowski told Sullivan that he drove a race car named "Shake, Rattle & Run," and that he had driven it the previous weekend in St. Louis, Missouri.

42. During that interview, Borowski told Sullivan that "Shake, Rattle & Run" was owned by the Messinos.

43. During that interview, Borowski told Sullivan that as a driver of the race car, he was not paid directly by Dick Messino but was allowed to advertise his business on Messino's race car, and that as a result of that advertising, he had received some favorable business.

44. During that interview, Borowski never told Sullivan that he owned the race car.

45. Michael Priess ("Priess") is a special agent with the criminal investigation division of the Internal Revenue Service.

46. Priess was one of the federal agents who conducted a one-hour interview of Borowski on August 12, 1992.

47. During that interview, Borowski told Priess that the race car "Shake, Rattle & Run" was Dick Messino's vehicle.

48. During that interview, Borowski told Priess that there was a written agreement between Borowski and Dick Messino, and that the race car was to become Borowski's at the end of the racing season.

49. During that interview, Borowski told Priess that the race car was seized before the end of the race season and that it was Dick Messino's when it was seized.

50. During that interview, Borowski told Priess that his advertising on the car had been very beneficial to his business; that his business had doubled; and that he was involved with the race car for the advertising benefit.

51. Kathy Lewis, former girlfriend of Clement Messino, testified at the criminal trial of Clement and Christopher Richard Messino that Clement Messino told her that he and Dick Messino owned the race car.

52. Lou Trench, the person who painted the race car, testified at the criminal trial that Clement Messino told him that Clement and Dick Messino owned the car and that Clement Messino hired him to paint the car.

53. Lou Trench testified that it took him about six weeks to paint the car, and that during this period, Clement and Dick Messino came to see the car.

54. The $2,725 payment to Haas for the race car was made in the form of a check drawn on Christopher R. Messino's Select Cars account in Stuart, Florida, and signed "Chris Messino."

55. Christopher Richard Messino is Dick Messino's full name.

56. The $9,000 payment to Haas for the race car was made by Sam Delisi. Sam Delisi testified at the criminal trial that Dick Messino gave him the $9,000, told him to buy a cashier's check, have the check made payable to Jerry Haas, and send it to Haas for the race car.

57. John Platek testified at the criminal trial that he submitted the $8,000 check to Haas on behalf of Markham Cycle, at the request of Clement Messino.

### B. Witnesses

#### Claimant's witness

1. **Ted Borowski** testified on his own behalf regarding the race car at the February 12, 1996, hearing before this court.

#### Government's witnesses

2. **Special Agent John Sullivan,** of the criminal investigations division of the Internal Revenue Service, testified at the February 12, 1996, hearing before this court regarding his September 13, 1991, interview of Ted Borowski.

3. **Special Agent Michael Press,** of the criminal investigations division of the Internal Revenue Service, testified at the February 12, 1996, hearing before this court regarding his August 12, 1992, interview of Ted Borowski.

4. **Kathy Lewis** testified at the criminal trial of Clement and Christopher Richard Messino.

5. **Lou Trench** testified at the criminal trial of Clement and Christopher Richard Messino.

6. **John Platek** testified at the criminal trial of Clement and Christopher Richard Messino.

7. **Sam Delisi** testified at the criminal trial of Clement and Christopher Richard Messino.

8. **Jerry Haas** testified at the criminal trial of Clement and Christopher Richard Messino.

### C. Credibility Findings

1. **Ted Borowski,** in most respects, was not a credible witness. The court finds that portions of Borowski's testimony at the hear-

ing are in conflict with earlier statements by Borowski to Special Agents John Sullivan and Michael Priess, and to the court presiding in the civil forfeiture proceeding *United States v. Michelle's Lounge.* The court also finds that portions of Borowski's testimony in the hearing are contradicted by testimony of other witnesses in the criminal trial, specifically about who owned the race car.

The court finds it highly unlikely that Dick Messino would enter into a contract to have a race car built, give it the name "Shake, Rattle & Run," which he exclusively owned, pay substantial sums of money towards the car, and then virtually give the car away after one racing season. For this reason, the court believes the purported racing agreement between Dick Messino and Borowski is a sham. The court notes that Borowski failed to mention the contract when questioned by Special Agent Sullivan on the day the race car was seized. He also failed to mention it to the judge in the civil forfeiture proceeding.

In sum, the court does not believe Borowski's version of the events surrounding the race car "Shake, Rattle & Run."

2. *Special Agent John Sullivan* was a credible witness. His testimony was unequivocal, straightforward, and consistent with that of Special Agent Michael Priess.

3. *Special Agent Michael Priess* was a credible witness. His testimony was unequivocal, straightforward, and consistent with that of Special Agent John Sullivan.

4. *Kathy Lewis, Lou Trench, John Platek, Sam Delisi,* and *Jerry Haas* did not testify at the February 12, 1996, hearing before this court, and this court was not the trier of fact at the criminal trial at which they testified. Thus, this court cannot make a credibility finding as to these witnesses. However, the court notes that the trier of fact at the criminal trial, the jury, returned a special verdict of forfeiture against the "Shake, Rattle & Run" race car based on the testimony of these witnesses. Thus, the inference is that the jury found these witnesses credible.

## II. CONCLUSIONS OF LAW

1. In addition to the testimony and evidence presented at the February 12, 1996, hearing before the court, the court shall consider the relevant portions of the record of the criminal case that resulted in the order of forfeiture against the race car. 21 U.S.C. § 853(n)(5).

2. In order for claimant Borowski to succeed on his claim for the race car, he must establish by a preponderance of the evidence that he has a legal right, title, or interest in the race car, and that his right, title, or interest renders the order of forfeiture for the race car invalid in whole or in part, because the right, title, or interest was vested in Borowski rather than in Christopher Richard or Clement Messino or was superior to any right, title, or interest of Christopher Richard or Clement Messino at the time of the commission of the acts that gave rise to the forfeiture of the race car. *See* 21 U.S.C. § 853(n)(6)(A).

3. Claimant Borowski has failed to meet the foregoing burden, and therefore has not established that he has a right to all or part of the race car called "Shake, Rattle & Run."

## III. DECISION

Claimant Ted Borowski's claim to the race car called "Shake, Rattle & Run" is denied.